GISKAN SOLOTAROFF & ANDERSON LLP
90 Broad Street, 10th Floor
New York, New York 10004
(646) 964-9640
Jason L. Solotaroff

SCOTT WAGNER AND ASSOCIATES, P.A.
250 S. Central Blvd. #104A
Jupiter, FL 33458
Telephone: (561) 653-0008
lwagner@scottwagnerlaw.com
Lindsey Wagner*
*Pending Motion for Pro Hac Vice

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

EDWARD CASTILLO,

                      Plaintiff,                              **COMPLAINT**

      -against-                                    Dkt. No.

LOVINGLY, LLC,

                      Defendant.

------------------------------------------------------------------------X

       Plaintiff Edward Castillo, by his attorneys Giskan Solotaroff & Anderson LLP and Scott

Wagner and Associates, P.A., for his complaint against Defendant Lovingly, LLC, ("Lovingly")

alleges as follows:

## PRELMINARY STATEMENT

       1.      This is an action for retaliation in violation of the New York Human Rights Law

and breach of contract, brought under the diversity jurisdiction of the Court.

2.      Plaintiff Castillo was employed by Defendant as the Director of Sales. In November 2020, Mr. Castillo objected to and complained about pregnancy discrimination at Lovingly. Immediately thereafter, Castillo was suspended for false and pre-textual reasons. After submitting an additional complaint of retaliation, Castillo was terminated on November 30, 2020.

## THE PARTIES

3.      Plaintiff Castillo is domiciled in Florida.

4.      Defendant Lovingly is a limited liability corporation organized under the laws of Delaware with its principal place of business in Fishkill, New York. On information and belief, the basis of which is a review of publicly available records, the members of Lovingly are individuals and corporations domiciled in New York.

## VENUE AND JURISDICTION

5.      Based on the diversity of citizenship of the parties, and the amount in controversy exceeding $75,000, this Court has jurisdiction over Mr. Castillo's claims pursuant to 28 U.S.C. §1332.

6.      Venue is properly before this Court pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claim occurred in this District.

7.      This Court has personal jurisdiction over Defendant because it operates its business in New York State.

## FACTS

8.      Lovingly is a company that partners with local florists to provide software solutions to manage their businesses.

9.       Mr. Castillo was hired by Lovingly in June 2012 as the Director of Sales by Mr. Joe Vega, Lovingly's Co-CEO.

10.     Plaintiff executed an Employment Agreement with Defendant on or about June 2015. Paragraph 5 of the Agreement provided that either party "shall be required to give the other party at least thirty (30) days advance written notice of any termination of the Employee's employment."

11.     During his seven years of employment, Mr. Castillo enjoyed a pristine performance record, and in July 2017, he was promoted to the position of Vice President of Sales – the first in the company's history.

12.     In March 2020, the company announced that all of its employees would be working remotely as a result of the COVID-19 pandemic. Previously, Mr. Castillo split his time working for the company as a remote employee from Florida and his summers in Lovingly's Fishkill, New York Headquarters. To enable his work in the Fishkill office, Mr. Castillo purchased a second home in Connecticut so that he could spend part of the year working from the company's New York offices.

13.     In July 2020, shortly after the company announced the remote work transition for the COVID-19 pandemic, Mr. Castillo learned that one of the employees that reported to him was pregnant and experiencing pregnancy-related medical complications. At this time, the company's maternity leave policy was for 12 weeks of paid leave.

14.     Mr. Castillo immediately reported the employee's pregnancy and medical condition to Lovingly's Co-CEO, Mr. Ken Garland. Around the same time, the employee also informed the company's Director of Human Resources, Michelle Ciccarelli, of her pregnancy.

15.     On September 2, 2020, Defendant posted a new Parental Leave policy on its Slack, advising that a revised Paid Parental Leave Policy would be effective September 1, 2020.

16.     Under the new Policy, the benefits were significantly reduced. For example, the paid leave benefit was reduced from 12 weeks to 6 weeks under the new plan.

17.     On September 23, 2020, Jeremy Moretti, Chief of People and Culture, announced

another Lovingly policy change via the company's Slack messaging network, advising that:

> *Recently, there has been some ambiguity about when to approach People and Culture about concerns or questions. While I am always available to listen, I would like to remind everyone that in an effort to enhance communication and get your needs property met, please contact your direct manager first if you have any general concerns or questions. This may include, but is not limited to questions related to benefits, interest in a new position, or dissatisfaction. If your manager is unable to fully resolve your concern, then they will direct you to People and Culture. If your concern is related to a conflict resolution, please refer to section 308 in your Lovingly handbook as to our procedure. Have a wonderful and healthy day.*

18.     On October 9, 2020, two pregnant employees, Lindsay Rakowski and Elia Benitez,

contacted Mr. Castillo to complain that Lovingly's new Parental Leave Policy would result in

pregnancy discrimination. They felt the policy was changed while they were employed and during

their well-known pregnancies. Also, the company's decision to close the New York office caused

them to no longer to be considered New York employees and, as such, they would get fewer weeks

of paid leave under the new policies.

19.     The employees asked for Mr. Castillo's assistance in resolving their concerns. Mr.

Castillo advised he would escalate the concerns to Mr. Garland and Mr. Moretti for resolution,

which he did that day.

20.     Later that month, on October 28, 2020, Mr. Moretti contacted Mr. Castillo to inform

him that he had met with the pregnant employees. Mr. Castillo relayed that they felt discriminated

against and expressed concern for both the employees and the company. He suggested the company

"grandfather" in the pregnant employees and compensate them consistent with the company's long-

standing policy. Mr. Moretti said nothing could be done.

21.    Plaintiff also spoke with Ken Garland about the pregnancy discrimination concerns. Mr. Garland's response was to tell him he was not "toeing the company line," that Plaintiff should not be advocating for the employees, and that he was "there for the company."

22.    Soon thereafter, on November 18, 2020, Mr. Castillo spoke again to the pregnant employees. One of the employees, Ms. Rakowski, told Plaintiff she was attempting to schedule an appointment on Mr. Moretti's Google Calendar and saw a note on his publicly available calendar "Ed update: What is the status of his PIP." Ms. Rakowski believed the note related to Mr. Castillo and shared the screenshot of the event with Castillo as required with the policy announced by Moretti on September 23, 2020.

23.    Ms. Rakowski asked for a meeting with Mr. Castillo to discuss the calendar entry.

24.    At the same time, another female employee, Lauren Hand, saw another entry on Mr. Moretti's calendar discussing the "status of replacement for VP of Sales Position," and she also brought that to Mr. Castillo's attention.

25.    Mr. Castillo was concerned as he was the only Vice President of Sales, was not on a PIP [Performance Improvement Plan] and had not been counseled about any performance issues. Mr. Castillo immediately reached out to Ken Garland, Joe Vega, and Jeremy Moretti to inquire about these entries, why he was being placed on a PIP, and whether they were looking to replace him.

26.    In response, Mr. Garland assured Mr. Castillo it was a misunderstanding and that the company was considering hiring another Vice President in an alternative position. However, Mr. Castillo confirmed with Jaime Crane, Lovingly's Talent Acquisition Manager, that there were no other active recruitment efforts by the company for a Vice President position.

27.    Thereafter, on November 20, 2020, Mr. Garland and Mr. Moretti falsely accused Mr. Castillo of engaging in a "security breach" of Moretti's calendar.

28.    That afternoon, Marque Staneliuis, Lovingly's Vice President of Engineering, Co-CEO Vega, Co-CEO Garland, and Mr. Moretti, reached out via Slack Communication, to Ms. Rakowski, Ms. Hand, and Edward Castillo, to inform them that they were investigating a security breach where Moretti's calendar was compromised. Rakowski quickly and simply explained to Staneliuis that there was no "security breach," rather, Moretti's calendar was public. She explained how the sales team uses calendars and how events could be made public or private, but in Moretti's case, this event was public so she could see the event.

29.    Later that day, Ms. Rakowski contacted Garland to inform him that she was the one who sent Castillo the calendar screenshot.

30.    The following day, November 19, 2020, Moretti contacted Ms. Rakowski, Lauren Hand, and Mr. Castillo to inform them that they were being suspended due to allegations of company misconduct. They were not given any further information, despite requests.

31.    On November 20, 2020, Mr. Castillo made a formal complaint to Garland, Moretti, and Director of Human Resources Michelle Ciccarelli, regarding concerns of retaliation due to his advocacy for his pregnant employees. Mr. Castillo stated specifically that in retaliation for his opposition to pregnancy discrimination. Lovingly was falsely accusing him of engaging in criminal activity.

32.    Three days later, on November 23, 2020, Ms. Rakowski and Ms. Hand were reinstated.

33.     On November 30, 2020, Castillo was informed that his employment was being terminated immediately due to allegations of "lack of candor during a course of an internal investigation."

## FIRST CLAIM FOR RELIEF
(Retaliation in Violation of NYHRL)

34.     Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

35.     Defendant retaliated against Plaintiff in the terms and conditions of his employment based on complaints about pregnancy discrimination in violation of the New York Human Rights Law.

## SECOND CLAIM FOR RELIEF
(Breach of Contract)

36.     Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

37.     Plaintiff and Defendant entered into an employment agreement which required Defendant to provide 30 days advance notice to terminate Plaintiff's employment.

38.     Defendant breached the Agreement by not providing 30 days advance written notice of termination of Plaintiff's employment.

WHEREFORE, Plaintiff demands judgment:

1.     Reinstating Plaintiff's employment with Defendant and upon reinstatement, enjoining Defendant retaliating against him for his complaints of sex discrimination, in the terms and conditions of his employment;

2.     Awarding Plaintiff his lost compensation as well as damages from the breach of

contract.

3.      Awarding Plaintiff damages for emotional distress;

4.      Awarding Plaintiff punitive damages;

4.      Awarding reasonable attorneys' fees, costs, and expenses, and

Granting such other legal and equitable relief to the Plaintiff as the Court may deem just

and equitable.

**<u>JURY DEMAND</u>**

Plaintiff demands trial by jury of all issues as of right by a jury.

Dated:      New York, New York
            May 18, 2021

                    GISKAN, SOLOTAROFF & ANDERSON LLP


                            s/_____
                    By:     Jason L. Solotaroff
                            90 Broad Street, 10th Floor
                            New York, New York 10004
                            646-964-9640
                            jsolotaroff@gslawny.com
                            ATTORNEYS FOR PLAINTIFF

                    SCOTT WAGNER AND ASSOCIATES, PA


                            s/_____
                    By:     Cathleen Scott
                            250 S. Central Blvd. #104A
                            Jupiter, Florida 33458
                            561-653-0008
                            cscott@scottwagnerlaw.com
                            ATTORNEYS FOR PLAINTIFF